UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              CASE NO. 07-20357

v.                                         PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

LAMAURO COLEMAN

       Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE

Defendant is charged in a two count indictment: (1) Possession with intent to deliver 100 grams or more of heroin; and (2) Conspiracy to launder monetary instruments.

On November 27, 2007, Defendant filed the instant Motion to Suppress evidence seized on April 26, 2007, relating to the charges contained in Count I.

BACKGROUND

Defendant's car was stopped and searched on April 26, 2007, by the Monroe County Sheriff upon request of federal agents. The search found 43 grams of heroin.

The federal agents had previously secured a warrant from United States Magistrate Judge Virginia Morgan directing OnStar to continuously reveal the physical location of Defendant's GMC Envoy SUV. OnStar uses a Global Positioning System ("GPS") involving satellites to pinpoint a vehicle's location.

1

DISCUSSION

Defendant contends that he had a reasonable expectation of privacy in utilizing OnStar Service. Defendant also contends that the Government does not have any authority to use a third party's (OnStar's) GM factory installed GPS receiver as a tracking device. Finally, Defendant contends that 18 USC § 3117 is unconstitutionally vague as it relates to installation of tracking devices and third party cooperation.

Section 3117 is titled: "Mobile Tracking Devices." It states, in pertinent part:

> If a court is empowered to issue a warrant . . . for the installation of a mobile tracking device, such order may authorize the use of that device within the jurisdiction of the court, and outside that jurisdiction if the device is installed in that jurisdiction.

The provision also defines "tracking device", as

> an electronic . . . device which permits the tracking of the movement of a person or object.

In the instant case, the vehicle is titled in Michigan – Michigan License # XST 974 – the warrant was obtained in Michigan, and the monitoring was initiated in Michigan. Thus, the Mobile Tracking Device, in this case OnStar, tracked the movement of Defendant's SUV, pursuant to the warrant issued by the Judicial Officer in the Eastern District of Michigan. This initiation of electronic mobile tracking suffices under the statute, insofar as the Court's Order authorizes the use of that factory-installed device.

Further, the Court concludes that the affidavit in support of the Order provided Magistrate Judge Virginia Morgan with probable cause to sign the monitoring tracking order. Finally, the Court concludes that the statute authorizing such a procedure is not unconstitutionally vague.

## THE AFFIDAVIT IN SUPPORT OF THE MONITORING ORDER

The affidavit sworn to by Task Force Agent Michael Maurier of the DEA contains information provided by a confidential source known as CS1, which was independently corroborated by surveillance by law enforcement agents, other witness interviews, and sources of information.

CS1's information was very detailed and very incriminating with regard to Defendant's drug trafficking in the Eastern District of Michigan, and Defendant's traveling to New York City to pick up shipments of heroin.

More specifically, in September and December 2006, CS1 delivered samples of heroin purchased from Defendant to the affiant agent that tested positive for heroin.

Further, in December 2006, CS1 made a controlled purchase of 100 grams of heroin from Defendant in Detroit that was observed by law enforcement surveillance. That purchase also tested positive for heroin.

Thereafter, on January 29, 2007, Defendant called CS1 and stated that he was traveling to New York to pick up heroin.

Defendant's cellular phone records showed him to be in the New York area on several occasions when CS1 said Defendant told him he was going to New York to pick up heroin. This corroborates the CS1's statements relating to the specific criminal activity geographically at issue.

Thereafter Defendant, on one of many meetings with CS1, told him that he drives the GMC Envoy to New York to pick up the heroin, because it has a hidden compartment to store the heroin and the money.

The agents attempted to conduct further surveillance of Defendant's vehicles, but lost him on numerous occasions due to his counter-surveillance. This supports the need for the instant Order.

The affidavit sought to order OnStar to continuously produce Defendant's positioning data from the Mobile Tracking Device.

Finally, the affidavit contends that the return and inventory provisions of F.R.Crim.P 41(F) are not applicable to the instant circumstances. The Court concurs with this assertion.

The Order, signed by Magistrate Judge Morgan, found probable cause to believe that the monitoring of the OnStar Mobile Tracking Device in the GMC Envoy would lead to discovery of violations of the federal drug statutes. The Order permitted DEA agents, for up to 60 days, to direct OnStar to assist them in monitoring transmissions from the OnStar system for anytime day or night, and if the vehicle leaves the Eastern District of Michigan, provide physical location transmissions – but excluding voice communications.

DEFENDANT'S ARGUMENTS

Defendant contends that the OnStar monitoring violated his Fourth Amendment expectation of privacy. The Court notes that the monitoring occurred in public places – roads and highways. Further, the Government secured a court order to monitor the vehicle's location, thereby erasing any expectation of privacy.

Defendant further contends that the Government should have done, but did not do, independent investigation or even the slightest bit of corroboration of this specific trip to New York. The Court notes that the affidavit contains significant corroboration of Defendant's previous statements, drug dealing, and his admitted previous traveling to New York to secure the narcotics. This suffices.

Defendant contends that the government should have followed what it contends is the only statutorily authorized procedure – installing a tracking device, rather than using the factory installed device on Defendant's GMC Envoy. The Court finds this distinction to not be of significance. This argument does not establish a difference, of constitutional significance, since the result is the same – provision of information of the location of Defendant's SUV by a mobile tracking device, pursuant to a statutory authorized Court Order. Indeed, the instant procedure is less invasive than Defendant's suggested requirement since there is no foreign device attached to the car by the Government, but instead the procedure involves merely the activation of an existing mobile tracking device.

Accordingly, as in *United States v. Knotts*, 460 U.S. 276 (1983), where the Supreme Court upheld the installation of a monitoring beeper, the instant monitoring was proper. The invasiveness is no greater, and the Supreme Court has upheld such an invasion of privacy in *Knotts*.

Defendant contends that the Government used OnStar to do its surveillance. The Court agrees, and concludes that this is proper given that the affidavit supporting the use of OnStar contained probable cause to order the use of OnStar.

5

Defendant contends that the Government did not corroborate the tips that the trip to New York was for illegal purposes. To the contrary, the Court concludes that this is exactly what the Government accomplished by securing the instant Order based on an affidavit that evidenced corroboration of CS1's information that the Defendant would go to the New York area in the GMC Envoy to bring back narcotics to sell to CS1.

This case is similar to *Draper v. United States*, 358 U.S. 307 (1959), where the Government corroborated the informants' information on a drug dealer returning on a train from Chicago to Denver with heroin. But this case is much stronger than *Draper*, given the conduct and contacts between the CI and the Defendant over a significant period of time evidencing Defendant's prior sale of heroin (verified by Agent surveillance and drug testing), which heroin Defendant had said he previously purchased in New York and brought back to Michigan in the GMC Envoy with the secret compartment.

Accordingly, the Court finds that the Order signed by Magistrate Judge Morgan was proper, that it was supported by an affidavit containing facts amounting to probable cause, that the mobile tracking device was proper, and that the information secured by the Order involving Defendant's trip to New York and return, supported the stop and search of the GMC Envoy in Monroe, Michigan, that produced the contraband narcotics. The issuing Magistrate Judge's discretion was not exercised arbitrarily. *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc).

## *UNITED STATES v. LEON*, 468 U.S. 897 (1984) APPLIES

Finally, the Court finds that even if the Order at issue lacked probable cause, Defendant's Motion to Suppress should be denied because the officers relied in good faith on the search warrant thereby avoiding application of the exclusionary rule, per *United States v. Leon*, 468 U.S. 897 (1984).

Accordingly, Defendant's Motion to Suppress is DENIED.

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 20, 2008.

s/Denise Goodine  
Case Manager